**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ALEX F. SMITH, #314-009,** | * | |
| Petitioner, | * | |
| v. | * | **Civil Action No.: RWT-13-3802** |
| **FRANK B. BISHOP,** | * | |
| Respondent. | * | |

******

**MEMORANDUM OPINION**

Respondent moves to dismiss Alex F. Smith's Petition for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d). ECF No. 8. Smith has not responded to the time-bar issue,[1] arguing instead that the merits of his case require a hearing. ECF No. 14. After reviewing these papers and the Petition, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2). For reasons set forth herein, the Court shall dismiss the Petition with prejudice as time-barred.

**Background**

Smith was charged in the Circuit Court for Montgomery County in July of 2002 with the first-degree murder of Lucille Chenault (his wife's aunt) and the first-degree assault of Gayle Smith (his wife). ECF Nos. 8-1, 8-2. In January of 2003, a jury convicted Smith of the first-degree murder of Chenault and attempted first-degree murder and first-degree assault of Gayle Smith. *Id.*

[1] Smith was granted an opportunity to show why his Petition should not be dismissed as time-barred (ECF No. 9), and was granted additional time to do so. ECF Nos. 10–13. He has not responded.

On January 29, 2003, Petitioner filed a motion for new trial, alleging that the verdict was against the weight of the evidence. ECF No. 8-2. At the March 26, 2003 hearing on the motion, Smith raised a separate allegation that the State failed to disclose that Gayle Smith had expressed doubts about her identification of him as her assailant. *Id.* at 1–6. On April 7, 2003, the circuit court denied Smith's motion for new trial. *Id.* On May 23, 2003, Smith was sentenced to life imprisonment for first-degree murder plus a consecutive eighteen years of incarceration for attempted first-degree murder.[2] *Id.*

On appeal, Smith argued only that the Circuit Court erred in denying his motion for new trial, which was based on Gayle Smith's disclosure that prior to trial she had expressed uncertainty to the State concerning her identification of her husband as her assailant. ECF No. 8-2, p. 2. Smith's judgment of conviction was affirmed by the Court of Special Appeals of Maryland in an unreported opinion filed on August 20, 2004. *Id.* The Court of Appeals of Maryland denied Smith's request for further review on December 10, 2004. *Smith v. State*, 384 Md. 159 (2004). Smith's judgment of conviction became final for direct appeal purposes on March 10, 2005, when the time for seeking review in the Supreme Court expired. *See* Sup. Ct. Rule 13.1 (requiring petition for writ of certiorari to be filed within 90 days of date of judgment from which review is sought).

On April 7, 2011, Smith filed a petition seeking post-conviction relief in the Circuit Court for Montgomery County. The petition, as amended, reiterated Smith's claim that the State failed to disclose that his wife had doubts about her identification of him as the assailant, citing *Brady v. Maryland*, 373 U.S. 83 (1963). Smith also claimed due process violations; that trial counsel was ineffective; and that he was actually innocent. ECF No. 8-1; *see also* ECF Nos. 8-3,

---

[2] The first-degree assault conviction was merged for sentencing purposes. ECF No. 8-2, p. 2.

8-4, 8-5. Following a hearing, the Circuit Court denied post-conviction relief on December 20, 2012. ECF No. 8-5. Leave to appeal that adverse ruling was denied by the Court of Special Appeals in an unreported opinion filed on October 31, 2013.[3] ECF No. 8-6. Once Smith completed state post-conviction review, he promptly filed the instant federal action, dated December 12, 2013. ECF No. 1, p. 13.

**Discussion**

Smith has not responded to the time-bar issue in this matter, arguing instead that the merits of his case require a hearing. ECF No. 14. Respondent maintains that, despite Smith's diligence in promptly filing the instant federal action, a one-year statute of limitations exists and has expired. ECF No. 8. A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d). The one-year period begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, more than six years elapsed between the completion of direct appeal and the initiation of state post-conviction review. Nothing in the record suggests that Smith is entitled to statutory tolling during this time.

In *Holland v. Florida*, the Supreme Court concluded that equitable tolling applies to the statute of limitations for post-conviction petitions filed under section 2254. 560 U.S. 631, 631 (2010). Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 649. The question of whether equitable tolling

[3] The court's mandate issued on December 4, 2013. ECF No. 8-7.

applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000).[4]

In order to be entitled to equitable tolling, Smith must establish that either some wrongful conduct by Respondent contributed to the delay in filing the state post-conviction petition, or that circumstances that were beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

The only apparent basis for equitable tolling of the limitations period would rest on when Smith became aware that the State failed to disclose exculpatory evidence under *Brady v. Maryalnd*, 373 U.S. 83, 87 (1963). Under *Brady*, exculpatory information must be disclosed to the defense prior to trial. When reliability of a witness may be determinative of guilt or innocence, nondisclosure of evidence that affects that witness' credibility constitutes a denial of due process. *See Giglio v. United States*, 405 U.S. 150 (1972) (failure to disclose promise made to prosecution's key witness). It stands to reason that under 28 U.S.C. § 2244(d)(1)(D) the statute of limitations may not have run until Smith discovered that the State failed to disclose exculpatory evidence.

Smith, however, knew of the alleged *Brady* violation almost immediately after trial and prior to sentencing. The issue was first raised in Smith's motion for new trial and comprised the sole ground raised on direct appeal. Nothing in the record suggests that some extraordinary circumstance prevented Smith from filing a post-conviction petition raising this and other claims

---

[4] *See also Lusk v. Ballard*, No. 2:10cv5, 2010 WL 3061482 (N. D. W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), remains virtually unchanged after *Holland v. Florida*, 560 U.S. 631 (2010))

soon after his direct appeal process ended. Smith simply was not diligent. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Smith failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.

## Conclusion

For the reasons stated herein, the Court shall deny and dismiss the Petition. A Certificate of Appealability will not issue because Smith has not made a "substantial showing of the denial of a constitutional right."[5] A separate order follows.

September 24, 2014

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

[5] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a certificate of appealability in the district court does not preclude Smith from requesting a certificate of appealability from the appellate court.